IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL EDWARD KENNEDY | : | |
| Petitioner | : | |
| v | : | Civil Action No. L-07-2964 |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

o0o

## MEMORANDUM

The above-captioned case, filed on October 31, 2007, alleges that the Antiterrorism and Effective Death Penalty Act of 1996 is unconstitutional because it prevents Petitioner from filing a successive Motion to Vacate under 28 U.S.C. 2255.  Paper No. 1. For the reasons that follow, the Petition will be dismissed.

On January 15, 1981, Michael Kennedy was sentenced to serve two concurrent life sentences for murder committed in the course of a rape in violation of 18 U.S.C. § 1111 and carnal knowledge of a female against her will in violation of 18 U.S.C. § 2031. See  Kennedy v. Allera, Civil Action No. L-05-129 at Paper No. 11, Ex. B.  At the time he committed the crimes, Kennedy was employed as a Naturalization Officer at the Port of Entry, San Ysidro, California. The  victim was a Mexican national who was discovered attempting to illegally enter the country. Id. at Ex. I, p. 3. Kennedy was thus tried and convicted in the United States District Court for the Southern District of  California.  He is now under federal parol supervision.

Under 28 U.S.C. §2255 a person convicted of a crime in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." Kennedy's claim, if successful, would require this court to entertain challenges to the validity of his criminal convictions.  Inasmuch as Kennedy was convicted in the Southern District of California, this

Court has no jurisdiction over such challenges.

To the extent Kennedy seeks to file a successive 2255 motion:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The appropriate Court of appeals in this case is the Ninth Circuit Court of Appeals. Upon receiving the proper certification from that court, the successive motion must be filed in the District Court for the Southern District of California. Accordingly, by separate order which follows, the petition will be dismissed without prejudice.

November 27, 2007             _____/s/_____
Date                          Benson Everett Legg
                              Chief Judge